MARKS v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed September 29, 1903.)

1. CONTRIBUTORY NEGLIGENCE—*Negligence—Railroads—Evidence.*

 It is contributory negligence for an epileptic to walk on a railroad track.

2. NEGLIGENCE — *Evidence — Sufficiency of Evidence — Last Clear Chance—Personal Injuries.*

 In this action for personal injuries the evidence is sufficient to sustain a finding that the engineer, by the exercise of due care and prudence, could have prevented the injury, notwithstanding the negligence of the plaintiff.

ACTION by George Marks against the Atlantic Coast Line Railroad Company, heard by Judge *Fred. Moore* and a jury, at June Term, 1903, of the Superior Court of HALIFAX County. From a judgment for the plaintiff the defendant appealed.

*Claude Kitchin, E. L. Travis* and *W. E. Daniel,* for the plaintiff.

*Thomas N. Hill* and *Day & Bell,* for the defendant.

MONTGOMERY, J. This action was commenced by the plaintiff to recover damages against the defendant on account of personal injuries suffered by him through the alleged negligence of the defendant. The plaintiff was afflicted with epilepsy, and while walking upon the defendant's track, near Tillery in Halifax County, fell in a fit. The evidence of B. L. Turrentine, who was engineer on the occasion, was, in substance, that when he first saw what turned out to be the plaintiff, between four and five hundred yards off, he could not tell what it was, but at the distance of three hundred yards he

saw it was a man, and he commenced sounding the whistle and kept it up until the collision; that the plaintiff was sitting on the end of the cross-ties with his head down on his crossed arms; that as soon as he blew the whistle the plaintiff looked around at the engine as if in full possession of himself, and as if he would get out of the way; that he did not know how far he was from plaintiff when he became uneasy for fear that plaintiff would not get off, but he put on the brakes when he was about fifty yards off; that his engine and cars were properly equipped and he could have stopped the train within the space of a hundred yards. A statement in writing, made by the witness to the defendant company at the time of the plaintiff's injury, was introduced as evidence, the substance of which is as follows: That he could not make out what the plaintiff was when he first saw him, but in coming at three hundred *feet* he saw that it was a man; that before he got within three hundred feet of him "he was so doubled up and in such position that I could not see exactly what it was. As soon as I saw that it was a man I commenced blowing (blew the long station blow) and kept blowing as I aproached him. I was expecting him to get off every second. As the engine approached him and when about a hundred *feet* from him he turned his head and looked at the engine approaching. He said the track was straight and it was about 3:15 P. M. There was evidence going to show that a man could be seen on the track for a mile or more from where the engineer was when he first saw the plaintiff, that the track was straight and the view unobstructed.

The defendant objected to his Honor's submitting the second issue on contributory negligence, but, for reasons that will be hereafter pointed out, that issue was properly submitted. There were six exceptions to the admission of evidence, none of which can be sustained. The other exceptions, thirty in number, were for failure to give instructions re-

quested by the defendant, and to those given by his Honor in his charge.

It seems to us that the charge on the question of damages was sufficient in law and clearly to be understood by the jury. The others, though numerous, all revolve around one pivotal point. The varying aspects in which the contentions of the defendant are presented concern the position of the plaintiff on the track, and the consequent responsibility of the defendant in reference thereto. The jury had a right to consider, and doubtless did consider, the evidence given in on the stand by the witness Turrentine, and also his written statement made to the company shortly after the plaintiff was injured. If they believed his evidence on the stand, they could, under the instructions of his Honor, have answered the first issue as to the negligence of the defendant "No." If, however, they believed what he had said in his written statement to the defendant company, they were compelled, under all the evidence in the case, to find that the witness (engineer) failed to keep a proper lookout, or that if he did, he saw the plaintiff in an apparently helpless condition and failed to use the appliances which he had to prevent his injury, and to find the first issue in the affirmative. If the plaintiff was seen by the engineer sitting on the end of the cross-ties, in an upright position and apparently in his senses, the engineer had a right to presume, up to the last moment, that he would use his senses, keep a watchout for the train and get off the track; or, if the plaintiff had been seen by the engineer sitting on the end of the cross-ties with his face in his hands and his arms resting on his knees, and at a distance sufficient for the engineer to have checked his train and prevented the injury of the plaintiff, if he was really in a helpless condition, and upon the engineer sounding the whistle the plaintiff raised his head up upon hearing the whistle and looked straight at the engine continuously up to the time of the accident, then the engineer had a

right to presume that the plaintiff was in possession of his senses and would get off the track. *Upton v. Railroad,* 128 N. C., 173.

The second issue as to the contributory negligence of the plaintiff was properly answered in the affirmative. The plaintiff was an epileptic and the railroad track was not a proper place for him to have occupied.

The jury answered the third issue as to whether the defendant could have prevented the injury by the exercise of due care and prudence, notwithstanding the negligence of the plaintiff, in the affirmative, and there was evidence upon which they could have made that finding.

The instructions asked by the plaintiff proceeded upon the view that the defendant was upon the track in a natural position and apparently aware of the nature of his position and of the peril he was in.

There was evidence to the contrary. His Honor in the charge covered fully every legal phase of the case in connection with the evidence, and we see no error in it.

No error.